# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| CARLENE B., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> *Defendant*. ) <br> ) | No. 17 C 50231 <br><br> Magistrate Judge <br> Iain D. Johnston |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Carlene B. ("Plaintiff") claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's memorandum, which this Court will construe as a motion for summary judgment (Dkt. 14) is **denied** and the Commissioner's memorandum, which this Court will also construe as a cross-motion for summary judgment (Dkt. 17) is **granted**.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed her applications on January 15, 2014, alleging disability beginning on January 5, 2013, due to rheumatoid arthritis, carpal tunnel syndrome, asthma, high blood pressure, ankle and knee surgery, depression, and anxiety-panic attacks. R. 263–76, 325. Plaintiff's applications were denied initially and on reconsideration. R. 117–18, 151–52. On May 18, 2016, Plaintiff, represented by an attorney, testified, via video, at a hearing before an

Administrative Law Judge ("ALJ"). R. 40–70. The ALJ also heard testimony from Susan Entenberg, a vocational expert ("VE"). *Id.*

Plaintiff was 51 years old at the time of the hearing. She testified that she stopped working in 2013 because her job had taken a toll on her body. R. 53. Plaintiff stated she stopped working, in part, because of carpal tunnel syndrome[1]. *Id.* She explained that despite surgery, she continued to experience chronic pain in her non-dominant left hand. R. 55. In addition to left hand issues, Plaintiff also testified that she stopped working because of ankle and knee pain. *Id.* She testified that knee surgeries[2] did not help, and that she continued to experience pain, *id.*, as well as knee swelling. R. 58. Plaintiff testified that she could not stand or walk for long periods of time because of her knees. R. 57. She stated that she could stand for about an hour or two and could walk about two blocks. *Id.* Relatedly, Plaintiff testified that she continued to experience ankle swelling[3]. *Id.* Plaintiff testified she can wash dishes and do housework. R. 58. She noted that she has trouble going up stairs and needs to hold onto the rails. *Id.* Plaintiff also testified that she could drive and do her own grocery shopping. R. 56. She stated that she could pick up a gallon of milk with her right hand. *Id.*

The ALJ asked a series of increasingly restrictive hypotheticals. The ALJ began by asking the VE to assume Plaintiff has limited to light work and was further restricted to occasional use of ramps, stairs, ladders, ropes, and scaffolds, occasional crouching, must avoid concentrated exposure to fumes, odors, dust and similar irritants, and was limited to simple

---

[1] Treatment notes reveal in 2010, Plaintiff underwent carpal tunnel release of the right hand. R. 1326, 1328. Subsequently, on July 1, 2014, Plaintiff had surgery on her left hand. R. 1538–39.
[2] On April 6, 2012, prior to her alleged onset date, Plaintiff underwent a left knee arthroscopy. R. 1223–24, 1347. After her onset date, on January 22, 2015, Plaintiff underwent irrigation and debridement of the left knee. R. 1757–59. Subsequently, on November 3, 2015, Plaintiff underwent a total arthroplasty of the right knee. R. 1809–10.
[3] On December 16, 2009, prior to her alleged onset date, Plaintiff underwent right ankle surgery. R. 671-72, 1312.

instructions for a normal work period with simple work related decisions, occasional interaction with the public, simple, routine changes and pressures in the work environment. R. 64. The VE testified that Plaintiff could perform her past work as a housekeeper. R. 65. The ALJ then asked if the VE's answer would change if Plaintiff was further limited to occasional handling with the left, non-dominant, hand. R. 65. The VE testified that Plaintiff could still perform her past work as a housekeeper.

Next, the ALJ asked the VE to assume Plaintiff was limited to standing no more than four hours[4]. R. 65. The VE testified that Plaintiff could not perform her past work, but she could perform other work, including work as a packer, inspector, and assembler. R. 65-66. The VE testified that she could be off task ten percent of the workday, and could miss less than one day of work, per month. R. 66-67.

On August 24, 2016, the ALJ issued a written decision finding that Plaintiff was not disabled. R. 18-30. On July 11, 2017, Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. R. 1-3. This action followed.

**B. ALJ Decision**

On August 24, 2016, the ALJ issued an unfavorable decision. R. 18-30. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. R. 20. At step two, the ALJ found Plaintiff suffered from severe impairments of reconstructive surgery of the knee/osteoarthritis, anxiety disorders, post-traumatic arthritis of the right ankle joint, carpal tunnel syndrome of the left hand, and an affective disorder. *Id*.

---

[4] The VE assumed this restriction to be a sit/stand option. R. 65.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). R. 21.

Before step four, the ALJ found that she had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to some limitations.[5] R. 23. At step four, the ALJ concluded that Plaintiff was not capable of performing her past relevant work. R. 28. At step five, the ALJ found Plaintiff could perform other work, including packer, inspector, and assembler. R. 29-30. Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. *Id.*

## II. DISCUSSION

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence exists if there is enough evidence that would allow a reasonable mind to determine that the decision's conclusion is supportable. *Richardson v. Perales*, 402 U.S. 389, 399-401 (1971). Accordingly, the reviewing court cannot displace the decision by reconsidering facts or evidence, or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

---

[5] She can occasionally climb ramps and stairs, crouch, kneel, and crawl. Plaintiff can never climb ladders, ropes, or scaffolds. She can perform occasional handling with the left, non-dominant upper extremity. Plaintiff must also avoid concentrated exposure to cold, humidity, and fumes. Additionally, she can perform no more than four hours of standing throughout the day and can frequently use the dominant hand. She is further limited to simple instructions for a normal work period and simple work-related decisions. She can have occasional interaction with the public. Plaintiff can handle simple, routine changes and pressures in the work environment. R. 23.

However, the Seventh Circuit has emphasized that review is not merely a rubber stamp. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (a "mere scintilla" is not substantial evidence). A reviewing court must conduct a critical review of the evidence before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even when adequate record evidence exists to support the Commissioner's decision, the decision will not be affirmed if the Commissioner does not build an accurate and logical bridge from the evidence to the conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). Moreover, federal courts cannot build the logical bridge on behalf of the ALJ. *See Mason v. Colvin*, No. 13 C 2993, 2014 U.S. Dist. LEXIS 152938, at *19 (N.D. Ill. Oct. 29, 2014).

On appeal, Plaintiff raises several perfunctory and underdeveloped arguments in her request for reversal. She begins by arguing that the ALJ erred by failing to consider pre-onset date evidence[6]. According to Plaintiff, the ALJ should have considered evidence before her onset date because it corroborated her testimony about ongoing pain and inability to ambulate or stand for long periods of time. The Court disagrees. It is well-settled that an ALJ need not "discuss every piece of evidence in the record and is prohibited only from ignoring an entire line of evidence that supports a finding of disability." *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010); *see also Parker for D.R.S. v. Berryhill*, 721 F. App'x 519, 522 (7th Cir. 2018). In this case, the ALJ did not ignore an entire line of evidence. In fact, the ALJ acknowledged that Plaintiff's knee and ankle problems were severe impairments and discussed the relevant evidence. R. 24-25. To account for her knee and ankle issues the ALJ restricted her to light work and limited her to standing no more than four hours. Although Plaintiff may believe that greater limitations were warranted, none of the evidence cited by her shows that she had greater limitations than those assigned by the ALJ. So the ALJ was not required to address the evidence.

---

[6] Most of the evidence referenced by Plaintiff is dated between 2009 and 2012.

*Dowlen v. Colvin*, 658 F. App'x 807, 811 (7th Cir. 2016). Notably, the evidence cited by Plaintiff, including her ankle and knee surgeries, was reviewed by medical experts[7] and found insufficient to establish disability.

Next, Plaintiff seems to argue that the ALJ erred in his analysis of her upper extremities. Plaintiff takes issue with a portion of the written decision in which the ALJ noted that the "objective findings in this case show medical impairments but fail to provide support for claimant's allegations of persistent disabling symptoms and limitations." R. 24. According to Plaintiff, the ALJ concluded that she did not have ongoing hand impairments. Her argument misses the mark. The ALJ did not conclude, as she claims, that her limitations did not persist. Rather, he concluded that her impairments were not disabling. Her argument "amounts to nothing more than a dislike of the ALJ's phraseology." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004).

Plaintiff also argues that the ALJ 'played doctor' by creating an "artificial, moving target that [she] could never obtain." But contrary to Plaintiff's argument, the ALJ did not play doctor by drawing medical conclusions himself. Instead, relying on the opinion of state doctors, the ALJ concluded that Plaintiff was capable of light work. Although Plaintiff cites to *Merriman v. Berryhill*, to support her claim, she fails to provide any substantive discussion explaining how that case is applicable here. 2017 WL 2345551, at *8 (N.D. Ill. May 30, 2017). Moreover, Merriman involved an ALJ's confusing interpretation of a vague medical opinion. In contrast, here, not only is the ALJ's interpretation not confusing, but also the medical opinions were clear.

Finally, Plaintiff contends that the ALJ's proffered RFC is flawed because it allegedly failed to incorporate all the limitations noted by state doctors. In doing so, Plaintiff mistakenly

---

[7] Plaintiff filed an earlier application in 2009, R. 71-86, which was closed on February 28, 2013. R. 90. After reviewing the evidence, medical experts concluded she was capable of light work. R. 73-75.

cites to opinions from an earlier disability application. Contrary to her argument, the current state doctors did not opine that she had fine motor, push, or pull limitations. R. 97, 110, 128-29, 144-45. Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence.[8]

## IV. CONCLUSION

For these reasons, the Plaintiff's motion for summary judgment is denied, the Commissioner's memorandum is granted, and the final decision of the Commissioner is affirmed.

Date: January 29, 2019     By: _____
Iain D. Johnston
United States Magistrate Judge

---

[8] To the extent Plaintiff is claiming the ALJ was required to accept the opinions from her previous applications, the Court disagrees. At the hearing, the ALJ asked Plaintiff's representative if she intended to reopen the prior application. R. 49. The representative responded by stating that there was no reason to reopen the claim. *Id*. By instructing the ALJ not to reopen her earlier application, Plaintiff effectively conceded that the ALJ did not have to consider this evidence.